J. Curtis Edmondson, CSB# 236105
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson @edmolaw.com

Attorney for Defendant  JOHN DOE IP address 98.210.157.252

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MALIBU MEDIA, LLC | ) Case No.: 3:15- cv-04291 |
|---|---|
| Plaintiff, | ) |
|  | ) NOTICE OF MOTION AND MOTION |
|  | ) TO DISMISS AND TO QUASH THE |
| vs. | ) SUBPOENA ON COMCAST AND/OR |
|  | ) ENTER A PROTECTIVE ORDER |
|  | ) |
| JOHN DOE subscriber assigned | ) |
| IP address  98.210.157.252 | ) DOE IP address 98.210.157.252 |
|  | ) |
|  | ) FRCP §12(b)(6) and 12(e) |
| Defendant | ) |
|  | ) Hon. William Alsup |
| . | ) Hearing Date:  Thursday, March 3, |
|  | ) 2016 |
|  | Hearing Time:  8:00 am |

# NOTICE OF MOTION

**TO ALL COUNSEL AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE:**

Pursuant to the Federal Rules of Civil Procedure and the inherent power of this Court, the Defendant DOE IP address 98.210.157.252 hereby moves that this Court dismiss the complaint under Fed Rules Civ Proc 12(b)(6) and 12(e), to quash the Comcast Subpoena, and/or for a protective order regarding the identity of JOHN DOE.

This motion will be heard on Thursday, March 3, 2016 at 8:30am in Courtroom 8, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 before the Hon. William Alsup.

This motion will be based on this notice, the memorandum of points and authorities, documents in this Court's docket, documents judicially noticeable, the statutes, and the argument presented herein.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is about the intersection of internet copyright infringement, pornography, and an economic business model. AF Holdings, LLC v. (2014) 752 F.3d 990, 992. This lawsuit and numerous related lawsuits involving a business model that involves copyright infringement, pornography, and the attendant costs of litigation.

The pornography companies, and **this** Plaintiff included, sue hundreds of alleged defendants who will "settle out" for only "a thousand" in exchange for a dismissal. Hon. Otis Wright has commented on this litigation model,

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. [. . .] If [plaintiff] desires to vindicate its copyright rights, it must do it the old fashioned way and earn it." *Malibu Media, LLC. v. John Does 1 through 10*, ( CD CAL 2012) No. 2:12-cv-3623.

One would expect that when thousands of claims are made by MM, that their allegations would accurately describe the protocol that they allege infringement.

## II. **FACTUAL BACKGROUND**

Plaintiff Malibu Media, Inc. (hereinafter "MM") alleges copyright infringement using the Bittorrent Protocol. [See Complaint, Dckt 1]. MM states in the Complaint:

> 15. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called <u>bits.</u> Users then exchange these small <u>bits</u> among each other instead of attempting to distribute a much larger digital file.
>
> 16. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.
>
> 17. Each bit of a BitTorrent file is assigned a unique cryptographic hash value.
>
> 18. The cryptographic hash value of the <u>bit</u> ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing. [DCKT 1]

Bittorrent is a content neutral protocol for the exchange of data. The key elements of the Bittorrent Program are:

1. a static metainfo file( a "torrent file")
2. a tracker
3. an original downloader ("seed")
4. an end user downloader ("tracker").

[See RJN 1 pgs 9; RJN 2 pgs 5-10; RJN 3]

Diagramatically the transfer of a file from one computer to another using Bittorrent is shown as:



A "Bit" in computer terminology is a single binary digit – a "1" or a "0". Likewise, a "Byte" is eight bits of data (usually used to form a single character of data). Computer files are organized as an assemblage of bytes, which in turn are assembled from bits. See generally *A & M Records, Inc. v. Napster, Inc.,* (N.D. Cal., 2000) 114 F.Supp.2d 896, 906 describing the infamous Napster Protocol

## III. ARGUMENT

### A. The complaint should be dismissed under FRCP 12(b)(6) and *Twombly* as it fails to allege copyright infringement as the allegations make no sense in view of the Bittorrent protocol.

MM's complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* (2007) 550 U.S. 544, 570.  The Court may reject allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." *Docmagic Inc. v. Ellie Mae Inc.* (N.D. Cal., 2010)  745 F.Supp.2d 1119, 1133 citing to Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004).

The nucleus of the MM's Complaint are the facts recited in paragraphs 15-18. Dckt 15-18.  In each of the paragraphs, MM describes the transfer of data using the Bittorrent protocol. *Id*. The problem is that the Bittorrent Protocol does not break the file down into individual "bits", where "bit" is a common term used for "binary digit".  Instead the Bittorrent Protocol breaks down the files into file sizes of 256KB or 512KB. See RJN 1,  pg 11.   While MM may have meant that the term "bit" as used in the complaint was to be used in the sense of  "portion of a file", it is not incumbent on JOHN DOE to guess what the pleadings mean.  Instead it is required that MM file accurate pleadings. FRCP 11(b)(3).

Given that MM's description of the protocol is factually inaccurate, the complaint is vague on how the infringement was detected:

> 21. IPP International UG downloaded from Defendant <u>one or more bits</u> of each of the digital media files identified by the <u>file hashes</u> on Exhibit A.  (Complaint, ¶21, emphasis added)
> 25. IPP International UG downloaded from Defendant <u>one or more bits</u> of each file hash listed on Exhibit A. IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the <u>file hash</u> matched

what is listed on Exhibit A. IPP International UG then verified that each digital media file, as identified by its file hash value set forth on Exhibit A, contained a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to the original copyrighted work listed on Exhibit B. At no time did IPP International UG upload Plaintiff's copyrighted content to any other BitTorrent user. `(Complaint, ¶21, emphasis added)`

The problem is that the term "file hash" is also vague and ambiguous.  The Bittorrent protocol creates "hash tables" for each file, but a file itself may have a cryptographic hash.  The complaint is unclear whether the file hash in Exhibit A is a Bittorrent Hash.

While MM may have alleged generic "copyright infringement", it is also impossible to tell if MM is alleging that JOHN DOE is a "seed" or a "tracker" in the context of the Bittorrent Protocol.  If JOHN DOE is a "peer", then there clearly joinder issues.

This circuit has not determined if a heightened pleading standard is required for Bittorrent Litigants.  In 2010 the Second Circuit refused to impose a heightened pleading standard on Bittorrent litigants.  see *Arista Records LLC v. Doe 3* (2010) 604 F.3d 110.  But accurate pleadings should be the norm for alleging infringement on DOE's.

Given that MM desires that impose heavy burdens on this JOHN DOE and thousands of other JOHN DOES, it is incumbent that MM provide a complaint that is factually accurate in the context of the Bittorrent Protocol.

### B. The complaint should be dismissed under FRCP 12(e) for a more definitive statement.

A motion for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response. FRCP 12(e ).  These motions are granted only on "rare occasions." *See Bautista v. Los Angeles Cnty.*, (2000) 216 F.3d 837, 843 n.1 (9th Cir. 2000); *see also E.E.O.C. v. Alia Corp.*, (E.D. CAL 2012) 842 F. Supp. 2d 1243, 1250.

For the reasons presented under the motion to dismiss, *supra,* JOHN DOE requests a more definitive statement in the form of accuracy and clarity in an amended complaint to accurately describe the Bittorrent Protocol.

### C. The Comcast Motion should be quashed in view of the pending motion to dismiss.

The *Ex-Parte* motion for early discovery is predicated on the sufficiency of the complaint.  It stands to reason that an order of dismissal of the complaint in view of the arguments made above, should result in quashing the subpoena as MM may decide not to file an amended complaint.

### D. Defendant requests a protective order to prevent the release of users information until final judgment is entered.

"[U]nder Rule 26(c), the Court may *sua ponte* grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).  The Court issues the limited protective order described below because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent third parties from contesting the allegations.

The privacy and reputational interests of potentially innocent third parties weighs heavily against the public's interest in access to the person's identity during the proceedings.  *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

The protective order is an equitable and fair way to allow MM to litigate their rights and for potentially innocent third parties to not have their names sullied.

## IV. CONCLUSION

Given the nature and types of these cases, the Court should be extra diligent in protecting the identities of the defendants.  Therefore DOE respectfully requests that this Court quash the subpoena for all members who live outside this judicial district and issue a protective order so that their true identities are not produced until a final judgment is entered against them.

Respectfully submitted,

Dated: December 9, 2015			/s/ J. Curtis Edmondson
						J. Curtis Edmondson (CASB #236105)
						LAW OFFICES OF J. CURTIS EDMONDSON
						3699 NW John Olsen Place
						Hillsboro, OR 97124
						Phone: 503-336-3749
						Fax: 503-482-7418
						Email: jcedmondson @edmolaw.com