**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Malibu Media Copyright Infringement Litigation* | No. C 15-04112 WHA<br>No. C 15-04159 WHA<br>No. C 15-04170 WHA<br>No. C 15-04287 WHA<br>No. C 15-04289 WHA<br>No. C 15-04291 WHA<br>No. C 15-04441 WHA<br>No. C 15-05383 WHA<br>No. C 15-05384 WHA<br>No. C 15-05385 WHA<br>No. C 15-05386 WHA<br>No. C 15-05387 WHA<br>No. C 15-05388 WHA<br>No. C 15-05389 WHA<br>No. C 15-05391 WHA<br>No. C 15-05395 WHA<br>No. C 15-05396 WHA<br>No. C 15-05397 WHA<br>No. C 15-05398 WHA<br>No. C 15-05399 WHA<br>No. C 15-05400 WHA<br>No. C 15-05401 WHA<br>No. C 15-05402 WHA<br>No. C 15-05403 WHA<br>No. C 15-05404 WHA<br>No. C 15-05406 WHA<br>No. C 15-05408 WHA<br>No. C 15-05409 WHA<br>No. C 15-05410 WHA<br>No. C 15-05411 WHA<br>No. C 15-05412 WHA<br>No. C 15-05413 WHA<br>No. C 15-06060 WHA<br>No. C 15-06062 WHA<br>No. C 15-06063 WHA<br>No. C 15-06064 WHA<br>No. C 15-06065 WHA<br>No. C 15-06066 WHA<br>No. C 15-06067 WHA |

**United States District Court**
For the Northern District of California

No. C 15-06068 WHA
No. C 15-06069 WHA
No. C 15-06070 WHA
No. C 15-06071 WHA
No. C 15-06072 WHA
No. C 15-06073 WHA
No. C 15-06074 WHA
No. C 15-06075 WHA

**ORDER RE PLAINTIFF'S PROPOSED PROCEDURE FOR EFFECTUATING SERVICE**

/

Plaintiff Malibu Media, LLC, has filed 116 copyright infringement actions in this district. All of Malibu Media's actions have been reassigned to the undersigned judge. Malibu Media has encountered difficulty effectuating service by the deadline set by Rule 4(m), which has resulted in repeated requests for extensions and, in four cases, dismissal for failure to timely serve the defendants (after two extensions had already been granted). Accordingly, Malibu Media filed a request in Case No. 15-4287 proposing that the undersigned judge issue a standing order extending the deadline to effectuate service to fifty-five days from the date on which it receives the defendant's identifying information from his or her Internet provider for all pending cases. Counsel for Malibu Media appeared for a hearing to discuss this proposal on February 23.

As a matter of course, the deadline to effectuate service has been extended to at least twenty-eight days from the date on which Malibu Media received the defendant's identifying information. Two extensions of two weeks each have been granted upon request and a showing of good cause. In one case, the deadline was extended a third time where the defendant appeared to be dodging service.

Malibu Media explains that the initial twenty-eight days does not offer sufficient time to effectuate service, inasmuch as it takes twenty days from the date on which it receives a given defendant's identifying information before it can deliver the necessary documents and

2

instructions to a process server. Specifically, Malibu Media outlines the following procedure that it follows upon receipt of a defendant's identifying information:

- Malibu Media conducts an investigation, typically lasting **THREE DAYS**, to determine whether it will pursue its claims against the subscriber identified or a third party using that subscriber's Internet connection.

- Once Malibu Media decides to pursue claims against a defendant, it takes **THREE DAYS** to prepare and file a proposed summons, amended complaint, return of service, and a motion to file those documents under seal.

- Malibu Media's sealing motion is granted within **ONE DAY**.

- The summons issues between **TWO AND SIX DAYS** after the sealing motion is granted.

- Malibu Media receives the unredacted summons by mail **FOUR TO TEN DAYS** after it issues.

- Malibu Media spends **ONE DAY** reviewing the relevant documents before delivering them to its process server.

In light of this time-consuming procedure, Malibu Media seeks to alleviate the administrative burden of repeatedly requesting extensions; however, Malibu Media exaggerates the timeline of its procedure.

*First*, Malibu Media offers no explanation for why it needs three days to prepare and file its proposed summons, amended complaint, return of service, and sealing motion. The preparation of those documents involves little more than adding the defendant's identifying information to documents that Malibu Media had already created before receiving that information. Even if Malibu Media actually needed three days to prepare those documents (plus three to conduct its investigation), it generally files its sealing motions more than ten days after receiving defendants' identifying information.

*Second*, in no case has the summons issued more than one day after Malibu Media's sealing motion is granted.

*Third*, as noted in the orders dismissing four of Malibu Media's cases (Case Nos. 15-4246, 15-4248, 15-4280, and 15-4430), and as discussed at the hearing on this request, Malibu Media's lead counsel (who are based in Los Angeles) or local associated counsel, may retrieve

3

any unredacted summonses in person at the Clerk's office on the 16th floor of 450 Golden Gate Ave., San Francisco. Thus, any delay caused by the mailing of unredacted summonses is easily avoided.

Accordingly, Malibu Media only needs eight to ten days from the date it receives a defendant's identifying information before it can deliver the relevant documents and instructions to its process server. Nevertheless, notwithstanding the deadline set by Rule 4(m), Malibu Media shall have thirty-five days from the date on which it receives the defendant's identifying information from the his or her Internet service effectuate service.

Requests for extensions beyond thirty-five days (or beyond the deadline set by Rule 4(m) if longer than thirty-five days) will be decided on a case-by-case basis and must be supported by good cause. Any such request should be made immediately as circumstances justifying the extension arise, rather than at the last minute. Malibu Media must support any assertion that a defendant is dodging service with an affidavit of non-service (to be filed under seal, with the defendant's identifying information redacted on the public docket).

In order to better track deadlines, Malibu Media shall please file a notice informing the Court of the date on which it received the defendant's identifying information no later than **FIVE CALENDAR DAYS** after receiving that information.

This order shall be filed in every pending Malibu Media case in this district in which the defendant has not yet been served. As discussed at the hearing, Malibu Media shall please file the transcript of the February 23 hearing in each of the above-captioned matters.

**IT IS SO ORDERED.**

Dated: February 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4